UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

SORENTO ON YESLER OWNER, LLC,

Debtor.

BANKR. NO. 24-13217-CMA

ADV. PROC. NO. 25-01081

SORENTO ON YESLER OWNER, LLC,

Plaintiff,

v.

YAMINAH ODDIE-JOHNSON, an
individual, YAMINAH ODDIE-JOHNSON
FOUNDATION, and YAMINAH ODDIE-
JOHNSON TRUST,

Defendants.

PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT

Plaintiff, by and through undersigned counsel, moves for entry of summary judgment because there is no genuine dispute regarding any material fact and Plaintiff is entitled to judgment as a matter of law; in support, Plaintiff submits the following:

## I.    UNDISPUTED FACTS

1. Plaintiff is a limited liability company organized and existing under the laws of Delaware. Compl. ¶ 1.

2. Plaintiff is a chapter 11 debtor in the bankruptcy case referenced above.

//

//

MOTION FOR
SUMMARY JUDGMENT - 1

**A. Defendant Oddie-Johnson Held a Leasehold Interest, only**.

3. Plaintiff holds title to real property commonly known as Sorento Flats, a multi-unit apartment building at 1414 East Yesler Way, Seattle, Washington 98122. Compl. ¶ 3.

4. Defendant Oddie-Johnson entered into a residential lease agreement for Unit D216 of Sorento Flats dated April 22, 2024. Bessenyey Decl. att'd Ex. The lease term was a fixed term of twelve months, commencing May 1, 2024 and ending April 30, 2025. *Id.*

5. The chain of title for Sorento Flats, as maintained by King County, shows no conveyance of a fee simple interest to Defendant Oddie-Johnson. Young Decl. Ex. A.

6. On July 26, 2024, Defendant Oddie-Johnson recorded or caused to be recorded an instrument entitled "Warranty Deed," executed by Defendant Oddie-Johnson as Grantor, which purports to convey Defendant Oddie-Johnson's interest in Unit D216 of Sorento Flats to Grantee, Yaminah Oddie-Johnson Trust ("**Warranty Deed**"). Compl. ¶ 21; Claim No. 5 at 8-9.

7. The Warranty Deed is recorded with the King County Recorder's Office, Instrument Number 20240726000499. Compl. ¶ 23; Claim No. 5 at 8-9.

8. On December 18, 2024 ("**Petition Date**"), Plaintiff filed its voluntary chapter 11 petition initiating the bankruptcy case referenced above.

9. Following the Petition Date, on December 31, 2024, Defendant Oddie-Johnson recorded or caused to be recorded UCC Financing Statements with the King County Recorder's Office alleging security interests in Plaintiff's personal property, including rental proceeds generated by Sorento Flats ("**Financing Statements**"). Claim No. 5 at 10-12.

10. The Financing Statements are recorded with the King County Recorder's Office, Instrument Numbers 20241231000758 and 20241231000759. *Id.*

**B. Defendants' Fraudulent Proof of Claim**.

11. On June 17, 2025, Defendant Oddie-Johnson filed a proof of claim in Plaintiff's bankruptcy case ("**POC**"). Claim No. 5.

12. The POC asserts a secured claim of one *billion* dollars. *Id.*

13. The POC asserts security interests in Sorento Flats and the rental proceeds generated by Sorento Flats by way of mortgage lien. *Id.*

MOTION FOR
SUMMARY JUDGMENT - 2

14. And yet Plaintiff has never borrowed funds from Defendants. Compl. ¶ 31.

15. Defendants have not produced nor can they produce a mortgage note evidencing any contract between the parties which would be secured by anything let alone Sorento Flats or a unit thereof. *See* Claim No. 5 & ECF.

16. Defendants have not produced nor can they produce any deed of trust or mortgage evidencing any security interest in Sorento Flats or a unit thereof. *See* Claim No. 5 & ECF.

17. Nor is Plaintiff obligated to pay any sum of money to Defendants for any reason. Compl. ¶ 32.

18. Rather, Defendant Oddie-Johnson owes monthly payments to Plaintiff under the lease for obligations due from October 2024 to present. *See* Bessenyey Decl. att'd Ex.

19. Plaintiff has sought (and continues to seek) to evict Defendant Oddie-Johnson for failure to make monthly payments due under the lease. Compl. ¶ 33; Bessenyey Decl. att'd Ex.

**C.      Plaintiff Seeks to Disallow Defendants' Claim**.

20. On July 15, 2025, Plaintiff filed the "**Complaint**" initiating this adversary proceeding. ECF No. 1.

21. On July 16, 2025, the clerk of Court issued the summons. ECF No. 2.

22. On July 17, 2025, Plaintiff effected service on Defendants. ECF No. 3.

23. To date, no answer to the Complaint has been filed or received by Plaintiff. *See* ECF; Young Decl.

24. This adversary proceeding is an action to disallow Defendants' asserted claim or interest and to invalidate Defendants' purported liens. *See* Compl.

25. This is a core proceeding under subsections 157(b)(2)(A), (B), (C), and (K) of title 28 of the United States Code. Compl. ¶ 11.

26. This Court has jurisdiction to hear this matter pursuant to sections 157 and 1334 of title 28 of the United States Code and section 502 of title 11 of the United States Code ("**Bankruptcy Code**"). Compl. ¶ 12.

27. This matter has been referred to this Court pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington. Compl. ¶ 13.

MOTION FOR
SUMMARY JUDGMENT - 3

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 3 of 8

28.     Venue is proper under section 1409 of title 28 of the United States Code.  Compl. ¶ 14.

**II.     ISSUE PRESENTED**

Whether Plaintiff has established there is no genuine dispute as to any material fact and is entitled to judgment as a matter of law.

**III.     EVIDENCE RELIED UPON**

This Motion relies on the entire Court record and the accompanying declarations of Christopher L. Young and Mike Bessenyey.

**IV.     AUTHORITY AND ARGUMENT**

As discussed herein, there is no genuine dispute regarding a material fact.  To be sure, Defendants appear to rely on recorded documents, but those documents do not accurately reflect facts nor are they sufficient to create interests or claims out of thin air.  Insofar as Defendants assert an ownership interest based on a recorded warranty deed, Defendants are not actually linked within the chain of title.  To the extent Defendants assert a lien interest in Debtor's real property, or a portion thereof, Defendants can point to no contract for payment from Plaintiff to Defendants, no security agreement, no mortgage or deed of trust, or anything else for that matter which would establish a factual or legal basis for such a lien interest.  The same lack of evidence applies to Defendants' assertion of a secured claim in Debtor's personal property; Defendants, again, can produce no evidence of a promise to pay or the attachment of any security interest.  Accordingly, Defendants have no interest in or claim against Plaintiff or its property and Plaintiff is entitled to declaratory relief holding there to be no such lien interest.

**A.     Summary Judgment Standard**.

The Federal Rules of Civil Procedure govern Plaintiff's motion for summary judgment. Fed. R. Bankr. P. 7056.  Under Civil Rule 56, made applicable by Bankruptcy Rule 7056, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that is relevant to an element of a claim.  *TW Elec. Servs. V. Pac. Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987).  If the party requesting summary judgment

MOTION FOR
SUMMARY JUDGMENT - 4

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 4 of 8

meets its burden, then the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Kaiser Cement Corp. v. Fischbach & Moore, Inc*., 793 F.2d 1100, 1103-04 (9th Cir. 1986).

**B.      Under Washington Law, Defendants Have No Ownership Interest or Claim**.

"Property interests are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979). Here, Defendants filed a billion dollar claim in Plaintiff's chapter 11 case. Claim No. 5. Defendants assert their claim is secured by Plaintiff's real and personal property. *Id*. at 2. First, Defendants state Defendant Oddie-Johnson is the beneficial owner of a mortgage lien against Sorento Flats because of the Warranty Deed (instrument number 20240726000499, recorded with the King County Recorder). *Id*. at 4. (It remains unclear whether Defendants argue the Warranty Deed is proof of an ownership interest or mortgage lien or both, but for purposes of summary judgment it does not matter, as Defendants hold neither.) Secondly, Defendants state Defendant Oddie-Johnson is the beneficial owner of a UCC-1 financing statement perfected under article 9 of the Uniform Commercial Code. *Id*. Defendants state Oddie-Johnson obtained those interests through "Equitable or Trust Interest and UCC Secured Interest." *Id*. at 5.

And yet the mortgage lien Defendants claim to hold is based on nothing more than a recorded document entitled "Warranty Deed," which, according to the POC, grants "fee simple title." *Id*. at 6. Indeed, instrument number 20230726000499 expressly states it is a "Warranty Deed," dated July 21, 2024, through which Defendant Oddie-Johnson's interest in Sorento Flats was conveyed to Defendant Oddie-Johnson Trust. *Id*. at 9. According to the undisputed factual record, Defendant Oddie-Johnson's only interest in Sorento Flats was a leasehold interest in Unit D216 for the fixed term of one year. Bessenyey Decl. att'd Ex. Thus, the grantee of the Warranty Deed could not possibly have obtained a fee simple interest in Sorento Flats. Nor does the undisputed factual record show that Defendant Oddie-Johnson paid reasonable consideration for the purported interest in Sorento Flats conveyed by deed. Any transfer of title or security in Sorento Flats to Defendant Oddie-Johnson between December 2020 and the Petition Date would therefore be voidable under Washington law. Additionally, Defendants' assertion that they

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

MOTION FOR
SUMMARY JUDGMENT - 5

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 5 of 8

obtained a mortgage lien through that document, or "Equitable or Trust Interest," must be rejected as both factually incorrect and legally invalid.

Further, any lien interest Defendants claim to hold in Plaintiff's personal property must also be rejected based on the undisputed factual record. Instruments 20241231000758 and 20241231000759 are indeed UCC financing statements; however, Defendants have no evidence that there is any security interest to attach to the purported collateral. Nor is there any actual collateral identified therein. *See id*. at 10-12. Besides, the Financing Statements were recorded with the King County Recorder on December 31, 2024—almost two weeks after the Petition Date. Thus, Defendants' recording of the Financing Statements violated the automatic stay and did not perfect any security interest had there actually been such an interest to perfect.

1.      **Defendants Do Not Hold Title to Sorento Flats**.

Under Washington law, every conveyance of real estate must be made by deed. RCW § 64.04.010. A statutory warranty deed conveys and warrants a grantor's interest in real property, which grantor covenants grantor owns in fee simple and has the right to convey. RCW § 64.04.030. But here, Defendants never had any fee simple interest to convey. This conclusion may be drawn from the fact Defendant Oddie-Johnson inserts herself into the chain of title with no factual or legal basis.

On January 23, 2019, Plaintiff recorded its fee simple ownership of Sorento Flats by way of quit claim deed. Young Decl. Ex. B. Following the recording of that deed, the county real property records show no other title deed until July 2024, when Defendant Oddie-Johnson recorded the Warranty Deed. Young Decl. Ex. A. As the county records show, the current fee simple owner of Sorento Flats (Plaintiff) has never conveyed its fee simple ownership interest in Sorento Flats to anyone, let alone Defendant Oddie-Johnson. In other words, Defendant Oddie-Johnson never had fee simple interest in Sorento Flats and was never entitled to convey any interest to anyone, including to Defendant Oddie-Johnson Trust. (It should be noted, too, that Sorento Flats is an apartment building; Sorento Flats has not been condominium-ized, and there is no reason to believe RCW ch. 64.32 would be applicable here.)

MOTION FOR
SUMMARY JUDGMENT - 6

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 6 of 8

Ownership in fee simple is a necessary prerequisite for the conveyance of fee simple title, and thus is *the* necessary element to Defendants' assertion of an ownership interest in Sorento Flats. However, as shown in the chain of title, Defendant Oddie-Johnson never held a fee simple interest and could not convey such an interest by way of deed. Accordingly, this material fact is not in genuine dispute. Because neither Defendant Oddie-Johnson nor Defendant Oddie-Johnson Trust holds an ownership interest in Sorento Flats, Plaintiff is entitled to judgment as a matter of law.

### 2. Defendants Hold No Mortgage Lien against Sorento Flats.

In Washington, "[a] mortgage creates nothing more than a lien in support of the debt which it is given to secure." *Pratt v. Pratt*, 121 Wash. 298, 300, 209 P. 535 (1922) (citing *Gleason v. Hawkins*, 32 Wash. 464, 73 P. 533 (1903)). Under Washington law, encumbrances of real estate shall be by deed. RCW § 61.12.010. Mortgages of land may be made and when properly executed "shall be deemed and held a good and sufficient conveyance and mortgage to secure the payment of the money therein specified." RCW § 61.12.020. Deeds of trust are subject to all laws relating to mortgages on real property. RCW § 61.24.020.

But here, there is no contract between the parties other than the lease. There is no mortgage or deed of trust. Nor has any mortgage interest been created in favor of Defendants. Any of the foregoing would be a necessary element of Defendants' claim of a mortgage lien and the material fact of their absence is not in genuine dispute. Because no Defendant holds a mortgage lien against Sorento Flats, Plaintiff is entitled to judgment as a matter of law.

### 3. Defendants Hold No Lien against Plaintiff's Personal Property.

Article 9 of Washington's Uniform Commercial Code governs any transaction, regardless of form, which creates a security interest in personal property, including fixtures and rights to payment secured by an interest in real property. RCW ch. 62A.9A. Under Washington law, a security interest attaches to collateral when it becomes enforceable against the debtor. RCW § 62A.9A-203(a). For a security interest to be enforceable against a debtor, (1) the secured party must give value, (2) the debtor must have rights in the collateral, and (3) either the debtor must

MOTION FOR
SUMMARY JUDGMENT - 7

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 7 of 8

authenticate a security agreement or the secured party must have possession or control of the collateral. RCW § 62A.9A-203(b).

Here, no Defendant gave value for any security interest, nor did Plaintiff agree to give any security interest to any Defendant. And even were possession or control relevant, Defendants have not shown and cannot show they possess or control any of the "collateral" identified in the Financing Statements. The attachment of a security interest is a necessary element of Defendants' claim but there is no evidence whatsoever of the creation of an enforceable security interest. Because the undisputed evidence establishes Defendants hold no security interest in Plaintiff's property, Plaintiff is entitled to judgment as a matter of law.

**C.      Plaintiff Is Entitled to Declaratory Relief**.

As demonstrated by reference to the record, Defendants' claim should be disallowed. After all, Defendants improperly recorded the Warranty Deed and Financing Statements in an attempt to create an illusion of rights they do not have and never had. Because Defendants have no valid claim against Plaintiff or its real property, Plaintiff is entitled to declaratory relief that no Defendant, including the Oddie-Johnson Trust, has a security interest in or lien against any of Plaintiff's assets.

<strong>V.      REQUEST FOR RELIEF</strong>

Because there is no genuine dispute regarding any material fact, and Plaintiff is entitled to judgment as a matter of law, Plaintiff asks the Court to enter an order granting this motion of summary judgment and to enter judgment against Defendants.

DATED this 23rd day of SEPTEMBER 2025.

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC


*/s/ Christopher L. Young*_____
Christopher L. Young, WSBA No. 47977
Attorney for Plaintiff

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
92 LENORA ST. NO. 146
SEATTLE, WA 98121
(206) 407-5829

MOTION FOR
SUMMARY JUDGMENT - 8

Case 25-01081-CMA    Doc 40    Filed 09/23/25    Ent. 09/23/25 11:25:27    Pg. 8 of 8