UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>SORENTO ON YESLER OWNER, LLC,<br><br>Debtor. | BANKR. NO. 24-13217-CMA<br><br>ADV. PROC. NO. 25-01081 |
| SORENTO ON YESLER OWNER, LLC,<br><br>Plaintiff,<br><br>v.<br><br>YAMINAH ODDIE-JOHNSON, an individual, YAMINAH ODDIE-JOHNSON FOUNDATION,<br><br>Defendants. | PLAINTIFF'S OPPOSITION TO MOTION FOR STAY PENDING APPEAL AND EMERGENCY MOTION TO SHORTEN TIME |

Plaintiff, by and through undersigned counsel, objects to Defendants' *Motion for Stay Pending Appeal*, ECF No. 83, and the accompanying emergency motion to shorten time, ECF No. 84, for the simple and obvious reasons that Defendants have absolutely no chance to prevail on the merits and should not be rewarded for their bad acts.

Defendants' moving papers ask this Court for all and sundry in terms of relief but this brief will focus exclusively on the request for an order staying judgment pending appeal. The Supreme Court has set forth the following factors with respect to issuing a stay:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

OPPOSITION TO STAY
PENDING APPEAL - 1

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
3211 W. MCGRAW ST., NO. 99313
SEATTLE, WA 98139
(206) 407-5829

Case 25-01081-CMA    Doc 85    Filed 11/10/25    Ent. 11/10/25 11:04:08    Pg. 1 of 4

*Golden Gate Rest. v. San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)).

In ruling on a motion for a stay pending appeal, courts in the Ninth Circuit have used "two interrelated legal tests" that "represent the outer reaches of a single continuum." *Golden Gate*, 512 F.3d at 1115 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir.1983) (internal quotation marks omitted)). At one end of the continuum, the moving party is required to show both a strong likelihood of success on the merits and the possibility of irreparable injury should preliminary relief not be granted. *Id*. (citing *Natural Res. Def. Council, Inc. v. Winter*, 502 F.3d 859, 862 (9th Cir. 2007)).

"At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id*. (citing *Lopez*, 713 F.2d at 1435). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id*. (citing *Winter*, 502 F.3d at 862). Further, courts "consider 'where the public interest lies' separately from and in addition to 'whether the applicant [for stay] will be irreparably injured absent a stay[.]'" *Id*. (citing *Winter*, 502 F.3d at 863 (quoting *Hilton*, 481 U.S. at 776, 107 S. Ct. 2113) (first alteration in *Winter*)).

1. **Defendants Have No Likelihood of Success on the Merits**. Among other reasons, this Court granted summary judgment because evidence of record establishes (a) Yaminah Oddie-Johnson signed a residential lease for Plaintiff's real property; (b) Oddie-Johnson unilaterally recorded a warranty deed and UCC-1 financing statements for that same property; and (c) those recordings have no basis in fact and are legally null and void. Oddie-Johnson's own sworn statements confirm all of the foregoing. More, Defendants did not even appear at the hearing on Plaintiff's motion for summary judgment. And while Defendants now suggest service of the hearing notice was somehow not effectuated, Oddie-Johnson filed numerous papers in response to Plaintiff's summary judgment motion, which render Defendants' suggestion not credible. In short, Defendants cannot show any possibility of success on the merits. Nor is there any serious legal question at issue.

OPPOSITION TO STAY
PENDING APPEAL - 2

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
3211 W. MCGRAW ST., NO. 99313
SEATTLE, WA 98139
(206) 407-5829

Case 25-01081-CMA    Doc 85    Filed 11/10/25    Ent. 11/10/25 11:04:08    Pg. 2 of 4

2. **Defendants Have Failed to Establish Irreparable Harm**. To obtain injunctive relief, speculative injury is insufficient; that is, a party must demonstrate immediate threatened injury. *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1022 (9th Cir. 2016). Here, Defendants have not come close to the required showing. Defendants base their argument of imminent harm not on the sale of Sorento Flats, as one would presume, but rather on Plaintiff's continued collection of rents from its tenants at Sorento Flats. ECF No. 84 at 2. Of course, Defendants are not entitled to the rental proceeds from Sorento Flats which comprise the cash collateral of Plaintiff's secured lender. But even were that not true, "simple monetary harm does not constitute an immediate threat of harm." *Blocktree Properties, LLC v. Pub. Util. Dist. No. 2 of Grant Cnty. Washington*, 783 F. App'x 769, 770 (9th Cir. 2019); *Church of Scientology of California v. U.S.*, 920 F.2d 1481, 1489 (9th Cir. 1990) ("[m]ere allegations of financial hardship are insufficient to support a finding of irreparable harm."). Accordingly, Defendants have failed to establish irreparable harm absent a stay of judgment.

3. **A Stay Would Harm Other Stakeholders**. Plaintiff submits that the balance of hardships establishes the requested relief is inappropriate. Defendants' fraudulent recordings of legal documents and false statements of fact have already harmed Plaintiff and its actual creditors. The delay in selling Sorento Flats attributed to Defendants' false claims have cost thousands of dollars in default interest and attorney fees. Defendants' frivolous appeal will lead only to additional accruals. It stands to reason, therefore, that a stay pending appeal would delay further any sale of Sorento Flats and the repayment of indebtedness to creditors. Again, all of that harm would fall on others while there is absolutely no possibility that Defendants' appeal could prevail. Accordingly, Plaintiff asks the Court to deny the motion and to assist Plaintiff in mitigating the damages caused by Defendants' past and ongoing bad acts.

4. **The Public Interest Demands the Judgment Not Be Stayed**. The factual record, including Oddie-Johnson's own testimony, shows Defendants' claims have no basis in fact or law. Oddie-Johnson's criminal conduct cannot be condoned or rewarded in this Court. Accordingly, Plaintiff asks the Court to find the public interest militates against a stay pending appeal.

OPPOSITION TO STAY
PENDING APPEAL - 3

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
3211 W. MCGRAW ST., NO. 99313
SEATTLE, WA 98139
(206) 407-5829

Case 25-01081-CMA    Doc 85    Filed 11/10/25    Ent. 11/10/25 11:04:08    Pg. 3 of 4

For at least the reasons stated above, Plaintiff asks the Court to deny the motion for stay pending appeal and the emergency motion to shorten time.

DATED this 10th day of NOVEMBER 2025.

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC

*/s/ Christopher L. Young*
Christopher L. Young, WSBA No. 47977
Attorney for Plaintiff

OPPOSITION TO STAY
PENDING APPEAL - 4

LAW OFFICES OF CHRISTOPHER L. YOUNG PLLC
3211 W. MCGRAW ST., NO. 99313
SEATTLE, WA 98139
(206) 407-5829

Case 25-01081-CMA    Doc 85    Filed 11/10/25    Ent. 11/10/25 11:04:08    Pg. 4 of 4